AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 13 2020
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | |
|---|---|
| United States of America<br>v.<br><br>BERTHA CAROLINA NAPOLES (01)<br>SUSANA GARCIA (02)<br><br>*Defendant(s)* | Case No.<br>2:20-MJ-5 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __unknown to January 12, 2020__ in the county of __Oldham__ in the __Northern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(i) and 846. | Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or More of Heroin. |

This criminal complaint is based on these facts:

see attached affidavit in support of complaint.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Kerry Blackerby, DEA TFO
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 01/13/2020

_____
*Judge's signature*

City and state: Amarillo, Tx

Lee Ann Reno, U.S. Magistrate Judge
*Printed name and title*

Case No. 2:20-MJ-5

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Kerry B. Blackerby, being duly sworn, depose and state:

1. I am a Task Force Officer assigned to the Drug Enforcement Administration (DEA) in Amarillo, Texas. I have been employed with Randall County Sheriff's Office 17 years.

2. As part of my duties as a Task Force Officer, I investigate criminal violations related to narcotics trafficking and illegal drug smuggling. I have been involved in several investigations of illegal contraband and have specialized training and knowledge in investigating the illicit smuggling, transportation, and trafficking of narcotics in violation of Title 21, United States Code, Section 841(a)(1).

3. This affidavit is made in support of a complaint and arrest warrant for NAPOLES, Bertha Carolina and GARCIA, Susana. I am familiar with the information contained in this affidavit based upon my own personal investigation, as well as conversations with other law enforcement officers involved in this investigation.

4. On 01/12/2020 at approximately 4:26 p.m. Texas Department of Public Safety Trooper Max Honesto was working routine patrol on I-40 in Oldham County. While working Trooper Honesto observed a Grey Nissan Sentra with Washington license plate BNJ7501 traveling east bound on I-40. Trooper Honesto verified the vehicles speed and found the vehicle to be exceeding the posted speed limit. Trooper Honesto conducted a traffic stop of the vehicle at I-40 MP 37 in Oldham County for Speeding Over Limit a violation of the Texas Transportation Code (TXTRC 545.351;545.352).

5. Upon making contact with the driver Trooper Honesto identified her as NAPOLES, Bertha. Upon speaking with NAPOLES Trooper Honesto noticed several criminal indicators. Trooper Honesto asked for consent to search all of the vehicle and all its contents. NAPOLES granted consent.

6. Trooper Honesto removed and identified the passenger of the vehicle as GARCIA, Susana. Upon searching the vehicle Trooper Honesto located three tightly wrapped bundles concealed in the rear passenger door of the vehicle. Trooper Honesto also located a small amount of marijuana in GARCIA's purse.

7. TFO Kerry Blackerby and Texas DPS Trooper Damon Samford responded, and conducted interviews with both NAPOLES and GARCIA.

8. During the recorded and mirandized interview of NAPOLES, she gave a statement that she knew there were narcotics in the vehicle. NAPOLES stated this was her second trip. NAPOLES stated she was paid $4000.00 for the first trip, and was to be paid $3500.00 for this trip. NAPOLES also stated she herself was going to pay GARCIA $700.00 for making this trip with her. NAPOLES stated GARCIA also made the first trip with her, and was paid $700.00 for that trip as well. NAPLOES stated GARCIA knew they were transporting narcotics.

9. During the recorded and mirandized interview of GARCIA, she gave a statement that she had knowledge they were transporting narcotics, but did not know exactly what it was. GARCIA admitted this was her second trip, but stated she was only paid $500.00 for the first trip. GARCIA stated she was supposed to be paid $500.00 for this trip also, but she was being paid to have intercourse with someone at the destination location.

10. TFO Blackerby did field test one of the three bundles. This substance field tested positive for heroin. The total weight of the three bundles was 1.305 kilograms. This amount of heroin is consistent with distribution, as opposed to someone's personal use.

11. Based upon the foregoing, there is probable cause to believe that NAPOLES, Bertha Carolina and GARCIA, Susana did knowingly and intentionally conspire and attempt to possess and did possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(i), and 846.

_Kerry B. Blackerby_
Kerry B. Blackerby
DEA Task Force Officer

_Dee Ann Reno_
U.S. Magistrate Judge

_Meredith Dillan_
Asst. U.S. Attorney